UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-2943(DSD/JJK)

Sara Goche, Individually and
as a Parent and Natural guardian
of Minors, A.G. and B.G.,

      Plaintiff,

v.                                                 **ORDER**

Kevin Goche, and Prudential
Insurance Company of America,
d/b/a Office of Servicemens'
Group Life Insurance,

      Defendants.

    Amy J. Doll, Esq., Warrenn C. Anderson, Esq. and Fluegal, Anderson, McLaughlin & Brutlag, P.O. Box 527, Morris, MN 56267, counsel for plaintiff.

    Paul M. Floyd, Esq. and Wallen-Friedman & Floyd, 527 Marquette Avenue, Suite 860, Minneapolis, MN 55402, counsel for defendant Prudential Insurance Company.

This matter is before the court upon the motion for default judgment by plaintiff Sara Goche against defendant Kevin Goche. Based on a review of the file, record and proceedings herein, the motion is granted.

**BACKGROUND**

This insurance-benefits dispute arises out of the death of Jason Goche. Sara Goche was decedent's wife and the mother of their two minor children. Compl. ¶ 2. Jason Goche was a member of the Minnesota National Guard, and the holder of a $400,000 Servicemembers' Group Life Insurance(the Policy) with defendant

Prudential Insurance Company of America (Prudential).  Id. ¶¶ 5-7. On February 10, 2007, Jason Goche designated Sara Goche as the sole principal beneficiary of the Policy, granting her a 100-percent share of payments.  Id. ¶ 6, Ex. A.  In December 2010, after being advised that he had terminal cancer, Jason Goche prepared his estate plan with the assistance of an attorney from the Judge Advocate General Corps.  Id. ¶¶ 8-10.  Jason Goche did not change his Policy beneficiary designation.  Id. ¶ 10.  At some point thereafter, his father, Kevin Goche, and brothers "tried to get him to change his life insurance beneficiary" but "Jason Goche insisted that he did not want his life insurance beneficiary changed and told them to drop the issue."  Id. ¶ 14.

 On March 1, 2011, Jason Goche was hospitalized due to a broken hip, and doctors determined that surgery was not an option.  Id. ¶ 13.  He received inpatient palliative care, including narcotics for pain control.  Id. ¶ 15.  On March 3, 2011, "his brothers and/or father gave him several papers to sign" including "a change of life insurance beneficiary form."  Id. ¶ 17.  "The form contained typed information that could not have been entered by Jason Goche, as he had no access to a computer; the beneficiary identities were written in handwriting other than Jason Goche's; and the address listed for his wife (his home address) was written by someone other than Jason and was inaccurate."  Id. ¶ 18, Ex. F.  The form made Kevin Goche a principal beneficiary entitled to 75 percent of the

2

Policy payments.  At that time Kevin Goche had judgments entered against him by creditors.  Id. ¶ 20.  When Sara Goche learned about the alleged changes, she exercised her rights as Jason Goche's attorney in fact and executed a second change-of-beneficiary form on March 10, 2011, removing Kevin Goche as a principal beneficiary, and restoring her 100-percent share of the Policy payments.  Id. ¶ 26.

Kevin Goche then asked the Minnesota National Guard to appoint an attorney to help Jason Goche change his will.  Id. ¶ 32.  The Minnesota National Guard appointed attorney Antonio Tejada.  Id. On March 11, 2011, Tejada met with Jason Goche, and he told Tejada "that he did not want to change his will, that he trusted his wife, Sara, and that he wanted Sara to receive everything."  Id. ¶ 34. He also told an attorney appointed by the state court that "he did not object to the appointment of Sara Goche as his guardian and conservator."  Id. ¶ 35.  Jason Goche died on March 16, 2011.

Thereafter, Sara Goche and Kevin Goche both asserted claims to Policy benefits.  Faced with conflicting claims, Prudential denied benefits.  In October 2011, Sara Goche began this action, seeking a declaration that she is entitled to payment of all Policy benefits.  A deputy Redwood County Sheriff personally served the summons and complaint on Kevin Goche.  ECF No. 2-2.  Kevin Goche did not answer or defend the complaint.  Doll Aff. ¶¶ 4–5.  Sara Goche moved for entry of default judgment.  On March 9, 2012, the

court heard argument. Sara Goche and defendant Prudential Insurance Company of America (Prudential) appeared through counsel; Kevin Goche did not appear.

## DISCUSSION

Entry of default judgment is proper when a party against whom a judgment for relief is sought fails to plead or otherwise defend. Fed. R. Civ. P. 55. Upon default, all factual assertions in the complaint are taken as true and may not later be contested. Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010) (citation omitted). In the present case, Kevin Goche failed to respond to the complaint. As a result, default judgment is warranted, and all facts contained in the complaint are now deemed admitted as true. The well-pleaded facts show that the February 2007 Policy beneficiary designation signed by Jason Goche and the March 10, 2010 Policy beneficiary designation executed by Sara Goche are valid. Therefore, Kevin Goche has no legal interest to any proceeds from the Policy.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the motion for default judgment [ECF 6] is granted.

Dated:  March 9, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court
